UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRAVIS TILLMAN,

        Petitioner,

v.                                          Case No. 2:03-cv-232
                                            HON. GORDON J. QUIST

GERALD HOFBAUER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Travis Tillman, filed this petition for writ of habeas corpus challenging the validity of his state court jury convictions for first degree felony murder, second degree murder and possession of a firearm in the commission of a felony. The second degree murder charge was vacated. Petitioner was convicted by a jury on October 30, 2000, and on November 22, 2000, was sentenced to a prison term of life for the felony murder conviction and a consecutive two-year term for the felony firearm conviction.

        Petitioner was convicted of killing Terrell McCoy, who petitioner intended to rob. On November 26, 1999, petitioner, who was seventeen years old, and two nineteen-year-old accomplices went to McCoy's apartment to rob McCoy who they believed ran a "weed house." After McCoy answered the door he tried to immediately shut the door. Petitioner fired a pistol multiple times into the door striking McCoy with a bullet in the head. McCoy died as a result of the gunshot wound.

        Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section

2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Petitioner's conviction of felony-murder is based on the crime being committed during an attempt larceny. There was no evidence at the trial that he demanded money or property from the decedent. In fact, no evidence was presented that even suggested that he tried to steal anything.

II. Petitioner was denied State and Federal Constitutional rights to present a defense by the trial court excluding evidence that police extracted a false confession in a case virtually identical to petitioner's case.

III. The coercive nature of the interrogation and use of polygraph results to extract a statement from petitioner rendered petitioner's statement involuntary.

IV. The prosecutor did not establish the corpus delicti of the underlying felony in the absence of petitioner's police statements therefore the trial court erred by refusing to suppress petitioner's statements.

V. A prosecution witness's reference to taking a polygraph deprived petitioner of his State and Federal constitutional rights to a fair trial.

VI. The trial court deprived petitioner of his State and Federal constitutional rights to a properly instructed jury.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state

court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.*

(disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify <u>any</u> rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* The Michigan Court of Appeals rejected petitioner's claim that there existed a lack of evidence to support the conviction of felony murder. The court stated:

> The elements of first-degree felony murder are (1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, i.e., malice, and (3) while committing, attempting to commit, or assisting in the commission of any of the felonies enumerated in MCL 750.316(1)(b). *People v. Nowack*, 462 Mich 392, 401; 614 NW2d 78 (2000). Defendant challenges the third element.

"[L]arceny of any kind" is among the felonies enumerated in MCL 750.316(1)(b). "Larceny is the taking and carrying away of the property of another, done with felonious intent and without the owner's consent." *People v. Gimotty*, 216 Mich App 254, 257-258; 549 NW2d 39 (1996). An attempt consists of the intent to do an act or to bring about consequences that would amount to a crime, and an act in furtherance of that intent that goes beyond mere preparation. *People v. Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993).

Viewed in a light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to conclude that defendant killed the decedent while attempting to commit larceny. Defendant admitted in his statement to the police that he went to the decedent's apartment to "do a lick." Defendant explained that a 'lick' is jargon for robbery. Defendant stated that he had been given information that he could rob the decedent of a pound of "weed." There was independent testimony that decedent sold marijuana. Defendant stated that he took a nine-millimeter gun, that he and his accomplice got a ride to the decedent's residence from an acquaintance, and they were let out across the street from the decedent's apartment. According to defendant, he and his accomplice put on black ski masks, went up to the decedent's door, and knocked. When the decedent opened the door, defendant told him to get on the floor, but the decedent instead slammed the door. Defendant stated that he shot numerous times into the door and ran, because someone in the decedent's apartment had a gun. Defendant and his accomplice fled back to the car and told the driver to pull off. The decedent died from a single gunshot wound in the head.

A witness saw the driver parked outside of the decedent's apartment, with the car running, and did not see the car after the gunshots. Two of the decedent's friends, who were visiting him during the incident, testified that they heard knocking on the door, saw the decedent open the door, and then saw the decedent placing his weight against the door in a attempt to close it. As the decedent tried to close the door, gunshots rang through the door, and a bullet hit the decedent in the head. There was testimony that no one present in the decedent's apartment, including the decedent, had a weapon, and the police did not locate any weapons in the apartment. The police located nineteen bullet holes, some of which may have been caused by ricocheting, and nine shell casings. When defendant's bedroom was searched, the police found a black ski mask. All of the shell casings were from the same nine-millimeter weapon. This evidence, viewed in a light most favorable to the prosecution, is sufficient to sustain defendant's conviction for felony murder.

Michigan Court of Appeals' decision, docket # 31 at 2. It is clear that the evidence was sufficient to establish that petitioner committed the crime. The Michigan Court of Appeals' adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that the court violated his rights by refusing to allow him to cross examine polygraph examiner Andrew Sims about a coerced confession in a similar, unrelated case. In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578.

The issue was rejected by the state courts. The Michigan Court of Appeals stated:

> We find no abuse of discretion. Based on the defense's argument in the lower court, it appears that defendant sought to demonstrate that the investigator had a propensity to obtain false confessions from young, retarded suspects. However, during trial, it was not apparent that the same investigator had taken both statements. Rather, the investigator testified that he had only read in the paper what transpired in the other case and, thus, the facts surrounding the suspect's statement were unknown. Further, even considering the newspaper article, there is no evidence that the investigator actually *coerced* the suspect into giving a false statement. Rather, the article simply provides that, after the suspect failed the polygraph, he stated that he was involved in the murder. In short, defendant has failed to persuasively demonstrate how evidence relating to a suspect's false confession in an unrelated case shows that his confession in the instant case was false, without more information. MRE 401. As such, the inferences defendant is trying to draw between the suspect's false confession in the unrelated case and defendant's statement in this case are highly tenuous and may have confused the issues. MRE 403.

Michigan Court of Appeals' decision, docket # 31 at 3. The court found no constitutional violation because the evidentiary ruling did not deprive petitioner of presenting a defense. Petitioner has failed to show that his constitutional rights were violated by this evidentiary ruling or that the Michigan Court of Appeals' decision was unreasonable.

Petitioner asserts that the trial court erred by failing to suppress statements that he had made to the police. Petitioner made one statement to polygraph investigator Sims and another statement to Terri Shaw of the Detroit Police Department's homicide section. Petitioner claims that

- 7 -

his statements, which were confessions of the crime, were made involuntary. The Fifth Amendment to the United States Constitution provides that "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Supreme Court has characterized this right as an "essential mainstay of our adversary system," *Miranda v. Arizona*, 384 U.S. 436, 460 (1966), and inherent in this right is the individual's "right 'to remain silent unless he chooses to speak in the unfettered exercise of his own will.'" *Id.* (quoting *Malloy v. Hogan*, 378 U.S. 1, 8 (1964)). The Court has further held that inherent in the privilege against self-incrimination is the right to an attorney. *Id.* at 444. A defendant may waive these rights, provided the waiver is made "voluntarily, knowingly and intelligently." *Id.*

In determining whether a waiver of these rights is valid, the Supreme Court has identified two requirements: First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived. *Moran v. Burbine,* 475 U.S. 412, 421 (1986).

The ultimate issue of the voluntariness of a confession is a legal question requiring independent federal determination. *See Arizona v. Fulminante*, 499 U.S. 279, 286-287 (1991); *Miller v. Fenton*, 474 U.S. 104, 112 (1985). However, the subsidiary factual issues are entitled to the § 2254(d) presumption. *Id.* Accordingly, the trial court's findings of fact are governed by the presumption of § 2254 where fairly supported by the record. *See e.g. Sumner v. Mata*, 455 U.S. 591 (1982); *Strickland v. Washington*, 466 U.S. 668 (1984). Based upon these facts, the court must

make an independent determination whether the findings "add up" to coercion. *Miller*, 474 U.S. at 112; *see also Cooper v. Scroggy*, 845 F.2d 1385, 1390 (6th Cir. 1988).

Petitioner's counsel made a motion to suppress petitioner's statements on the grounds that the confessions were not given voluntarily. The court held a hearing regarding the matter and took testimony. The court, looking at the totality of events leading to the confessions, including petitioner's competency, denied the motion. A review of the motion hearing concerning the suppression of petitioner's statements establishes that both the statements were freely and voluntarily given and that petitioner had validly waived his *Miranda* rights. Motion/Evidentiary Hearing, docket #23. The Michigan Court of Appeals upheld the finding. Petitioner has failed to show that the Michigan Court of Appeals decision was unreasonable.

Petitioner claims that the prosecutor failed to prove the corpus delicti of the crime. Petitioner argues that other than petitioner's own statement, there was no evidence presented for the underlying felony of larceny to convict petitioner of felony murder. Petitioner presented this claim solely under state law. There exists no federal habeas remedy for errors brought solely under state law. *Estelle v. McGuire*, 502 U.S. at 67-8. The Michigan Court of Appeals rejected the claim concluding that independent evidence existed to show the decedent died from a single gunshot wound to the head and that the manner of the death was a homicide. The court noted that under the corpus delicti rule there existed no requirement of showing the commission of the underlying felony. Petitioner failed to show that the Michigan Court of Appeals decision was unreasonable under federal law.

Similarly, petitioner argues that the trial court denied a motion for a mistrial when a prosecutorial witness referred to the "polygraph man." Errors regarding state law evidentiary rulings are not cognizable in a habeas petition. *Id.* Moreover, the Michigan Court of Appeals held

that although references to a polygraph examination are not permitted under Michigan law, not every introduction of polygraph evidence warrants a reversal. The statement was an "inadvertent and unsolicited answer to a properly asked question." Michigan Court of Appeals' decision, docket #31 at 6.

Petitioner argues that the court erred by failing to instruct the jury on the cognate offense of manslaughter, and by failing to give an adverse witness instruction concerning the testimony of a witness endorsed by the prosecutor but not called to testify. In order to show a constitutional violation, petitioner must demonstrate that the instruction violated due process. *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . . .

431 U.S. at 154. The Michigan Court of Appeals held that instructions on manslaughter, which is a cognate lesser offense and not a lesser included offense, would not have been proper because only lesser included offenses are necessary under Michigan law. Petitioner has failed to show how his federal rights could have been violated by the court's failure to instruct on manslaughter charges.

Further, the Michigan Court of Appeals rejected petitioner's assertion that an instruction was necessary regarding the failure to call an endorsed witness, because the witness was available in the court room. The prosecutor did produce the witness who could have testified, however, petitioner failed to call the witness to testify during the trial. The Michigan Court of Appeals concluded that an instruction regarding the witness was not appropriate. Petitioner has not

shown how the court's failure to give this instruction could have possibly violated his constitutional rights.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Sufficient evidence was presented to show that petitioner killed the victim while attempting a robbery. Similarly, petitioner failed to present cognizable habeas claims regarding cross-examination of the polygraph expert, regarding a statement from a witness who referred to the polygraph man, and regarding the jury instructions. Moreover, petitioner failed to show that his confessions to police were not

voluntary. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 3, 2005