UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TRAVIS TILLMAN,

       Petitioner,

v.                                             Case No. 2:03-cv-232
                                                 HON. GORDON J. QUIST

GERALD HOFBAUER,

       Respondent.

_____/

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from the petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

       Petitioner argues that insufficient evidence was presented at trial to support his felony murder conviction. Petitioner asserts that no evidence supported a conclusion that he robbed the decedent. Sufficient evidence was presented at trial to show that petitioner intended to rob the victim. Petitioner admitted that he was attempting to commit a larceny at the time he killed the victim. Moreover, the evidence at trial was sufficient to show that petitioner, while wearing a ski mask, went to the decedent's door to steal marijuana. Petitioner told the victim to lie down on the floor. The decedent ran and petitioner shot numerous times into the door, allegedly because petitioner believed someone inside the apartment had a gun. Petitioner struck the victim with a fatal gunshot to the head. No testimony confirmed that anyone inside the apartment had a gun. Nineteen bullet holes and nine shell casing were found at the scene by police. Similarly, petitioner's claim

that the prosecutor failed to establish the *corpus delicti* of the crime is without merit. Sufficient evidence was presented to establish petitioner's guilt. Moreover, sufficient independent evidence, in addition to petitioner's guilty statements, were presented at trial that established petitioner's guilt.

The trial court judge's refusal to allow the introduction of evidence of a coerced confession by the polygraph examiner from another individual in an unrelated crime is a matter of state evidentiary law and did not violate petitioner's constitutional rights. Petitioner's counsel was able to elicit limited evidence on this issue. The trial court judge's evidentiary rulings were appropriate and did not violate petitioner's federal rights. Similarly, the record establishes that petitioner's statements were voluntary.

Petitioner claims that a witness reference to the "polygraph man" violated his due process rights because evidence regarding polygraph examinations is not admissible under Michigan law. Petitioner has failed to establish that his due process rights were violated by this isolated witness statement. Petitioner failed to show that the Michigan Court of Appeals' decision rejecting this claim was unreasonable. Similarly, petitioner failed to show that the trial court improperly instructed the jury.

Petitioner has not established that his conviction violated federal law. Petitioner failed to establish that the Michigan Court of Appeals' decision rejecting each of these claims was unreasonable under federal law.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

Dated: March 3, 2006                         /s/ Gordon J. Quist
                                                       GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE